PLYMPTON
*v.*
PRESTON.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## PLYMPTON *v.* PRESTON.

Where, in an action by the transferree of a debt secured by mortgage, against the mortgagor, to enforce the mortgage, the defendant resists plaintiff's right to recover, on the ground that the amount due by him had been seized in his hands, by creditors of the transferer, previous to any notice to him of the transfer; and the plaintiff thereupon obtains from another court, on the execution of a bond with surety, an injunction directing the seizing creditors and the defendant to desist from said seizures so far as they affect the collection of the debt sued for in the first action, and so far as they in any manner interfere with, delay, or affect the prosecution of that action, the effect of the injunction will not be to extinguish the seizures, nor to prevent the debtor from defending himself in that action on the ground of the want of notice of the transfer, but to restrain the seizing creditors from any active interference in the action. *Per Cur:* The injunction does not, in terms, forbid the defendant to persist in his defence, nor was that its legal effect.

The production of papers in the possession of the opposite party may be required, even after the trial has commenced, where the party then discovers, for the first time, that his

interests require them; *aliter*, where their importance must have been known to the party before the trial.

Where, by the terms of his contract, a debtor is allowed a certain number of years within which to pay the capital of his debt, on condition of paying the interest punctually at fixed periods, it being expressly stipulated that, in case of failure to pay the interest at any one of those periods, the whole of the debt shall become due and exigible; and the debtor, under the pretext of certain sequestrations and attachments levied on the debt in his hands by creditors of the party to whom the debt was due, in which proceedings he had acted either as the counsel or legal surety of the creditors, and thus. assisted in creating their interference with the rights of his creditor, refuses to pay the interest falling due at one of the periods fixed by the contract, and is regularly put in default, the whole debt may be exacted from him.

<span style="float:right">PLYMPTON<br>*v.*<br>PRESTON.</span>

APPEAL from the District Court of Jefferson, *Clarke*, J. *Benjamin* and *Micou*, for the appellant. *Preston*, *Lockett* and *Goold*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. The purpose of this suit is stated in the case of *Plympton* v. *Preston et al.* ante p. 356. The district judge gave judgment as in case of nonsuit, upon the ground that the notification to *Preston* of the transfer by *Boyd* to *Plympton*, was not proved to have been made prior to the seizures levied in the hands of *Preston*.

It is said, by the plaintiff, that such proof was unnecessary, because, as he contends, these seizures had been set aside by the effect of the injunction in the case of *Plympton* v. *Preston, et al.;* that, by virtue of that injunction, the seizures ceased to have any legal effect, and no longer formed an obstacle to the plaintiff's recovery. The writ of injunction, did restrain the seizing creditors from any active interference in the suit pending in the parish of Jefferson; but it did not extinguish those seizures, nor purport to restrain *Preston* from defending himself in that suit, upon the ground that he was still the debtor of *Boyd* for the benefit of his creditors, because the transfer to *Plympton* was not consumated by notice given before the seizures were levied. Issue was already joined between *Plympton* and *Preston* on the question of the validity of the transfer, the latter resisting the action upon the ground that the seizures were made before the notification of the transfer was given to him. The injunction obtained afterwards does not, in terms, forbid him to persist in the defence, nor do we think that such was its legal effect.

The plaintiff, after the commencement of the trial and after the defendant had closed his testimony, desired, for the purpose of rebutting it and overthrowing the effect of the seizures, to prove a notification of the transfer; and for this purpose called upon the defendant, who was present, to produce the written notice alleged to have been delivered to him. The defendant admitted that, he had in his possession " a paper in relation to a notice handed to him in the street, but that he had it not with him at the moment;" "whereupon the plaintiff prayed that the defendant be ordered to produce and file the paper before the close of the trial, and that a reasonable time be allowed therefor ; but the court refused to permit said order to be entered, or to require the production of the paper, on the ground that no such order could be granted after the trial had commenced."

We think the court did not err. The Code of Practice authorizes a call for papers to be made *dans le cours de la plaidoirie*, upon the party's then discovering that his interests require the production of papers in the possession of his adversary. But here the plaintiff knew the necessity of the production of the papers, before he went to trial. *Preston* having pleaded, in his answer, the seizures

PLYMPTON
v.
PRESTON.

and the absence of the notice. We do not, therefore, feel at liberty to disturb the ruling of the court, or the judgment of non-suit.

We think it proper to express an opinion upon the question, which has been argued by the respective counsel, as to the breach of the condition upon which *Preston* was entitled to a delay in the payment of the principal of his debt. The terms of his contract with *Boyd* were, that he was to be allowed a delay of seven years to pay the principal of an antecedent debt then due, upon paying punctually the interest quarterly; "and should the said *Preston* fail to pay any one install-ment of interest, in that case the whole of the said debt to be considered as im-mediately due and exigible, notwithstanding the delay here above specified."

Supposing *Plympton* to have consummated the transfer by timely notice, as was proved in the other suit, the transfer was valid against *Boyd's* creditors, and *Pres-ton* became *Plympton's* debtor. *Plympton*, therefore, having a right to require payment of the interest, having made a demand, and put his debtor in default, it is clear that the condition upon which the right to postpone the payment of the principal depended would have been broken, and the principal would have become exigible, if the defendant had not, before the demand, been served with process of sequestration and attachment by *Boyd's* creditors. We are not prepared to say, nor is it necessary to say, whether, under ordinary circumstances, this would have excused the refusal to pay, so as to save the condition. But it appears that, in the proceedings of sequestration and attachment, the defendant acted either as the counsel or judicial surety of the creditors, and thus himself assisted in creat-ing the interference with the plaintiff's rights. This may have proceeded merely from the desire to know to whom he could with safety. pay; but, under the evidence, we would not be permitted to relieve the defendant from the rigorous performance of the contract.                    *Judgment affirmed.*[*]

---

[*]The counsel for the plaintiff submitted the following grounds for a re-hearing: We submit that the proper weight has not been given to the injunction, obtained by the plaintiff. The defendant admitted his indebtedness; but pleaded that he was in danger of being disturbed by other persons. If these seizures were set aside, or he was protected, then he was bound to pay. Were not the seizures set aside? They had been enjoined by a competent court. An injunction may not always dissolve the seizure, as, for instance, when the de-fendant enjoins the sale, leaving the property in the sheriff's hands. But where A. enjoins a levy upon his property to pay the debt of B., then the seizure itself is dissolved. If this be not the effect of an injunction, it would be difficult to say what it means. If a party, whose property has been seized for another's debt, cannot take it out of the sheriff's hands on giving bond, then the greatest oppression would sometimes take place, and the law would afford no remedy. But it is the constant practice of intervenors to take out of the sheriff's hands merchandize attached or seized, on giving bond for its value. What distinction is there between that case and this?

The injunction was granted in the first instance, by the Fifth District court of New Orleans. The decree of the court in that suit, only perpetuates it. If the injunction did not, from the moment it was granted, put an end to the seizure, then does the decree *perpetuating* it have that effect? The nature of the remedy is not altered, by perpetuating it. If the injunction did not dissolve the seizures, they will still be in force, notwithstanding the judgment maintaining the injunction.

The plaintiff was bound, before receiving his money, to protect the defendant from loss. If he was protected by the injunction, then his excuse for not paying was at an end. Was he not protected? Suppose, at the moment the injunction was served upon him, he had paid *Plympton* his money. Would he afterwards have been liable to the seizing creditors on *Plympton's* injunction being dissolved, or would their only recourse have been on the injunction bond? The answer to this question solves the difficulty. He was fully protected, and was bound to pay.

4   363
45   352

It was one of the grounds of injunction, and it was proved in the record of
this case, as well as in the other, that the defendant had himself been active in
procuring the very seizures upon which he relied for his defence.. That fact
precludes him from all equitable claim to the credit originally stipulated. The
court says that, he may have considered those steps necessary for his protection;
but how could that possibly be? He was aware already of the insolvent pro-
ceedings of *Wm. Boyd & Son*. If the proceedings rendered *G. W. Boyd* in-
capable of transferring, then their existence or pendency was a good defence to
plaintiff's demand, and the defendant had only to plead it when attacked. The
apprehension of one disturbance cannot be relieved by creating another. But if,
on the other hand, the defendant believed that those proceedings prevented a valid
transfer; if he really apprehended trouble or annoyance from *them*, why were
new proceedings instituted, and why was he active in procuring new seizures ?

Again, if *Boyd* was a party to the surrender, then it is obvious that for all his
old debts the *stay of proceedings* was in force; consequently the seizure, the
attachment, and even the sequestration at the prayer of only a part of the credi-
tors, were all null, and created no *legal* disturbance—gave no reasonable ground
of apprehension that the money could be again demanded, if once paid to plain-
tiff. These proceedings must then have originated, not from the necessity of
protecting himself against paying under a transfer, void by the incapacity of the
transferer to make it, but only from a desire to create new difficulties.

*Rehearing refused.*